UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ERNEST TAYLOR,

                    Petitioner,

      -against-

D. NAPOLI, Superintendent of Southport
Correctional Facility,

                    Respondent.
-----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ AUG 16 2011 ★
BROOKLYN OFFICE

**MEMORANDUM & ORDER**

09-CV-2511 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner pro se Ernest Taylor ("Taylor") brings this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2004 conviction of burglary in the second degree, and attempted robbery in the second degree. (Pet. (Docket Entry # 1).) For the reasons set forth below, Taylor's Petition is denied.

I.     **BACKGROUND**

On August 7, 2003, Taylor and his codefendant entered T.C.'s apartment and demanded money.[1] (Aff. of Diane R. Eisner ("Eisner Aff.") (Docket Entry # 4 at 1) ¶ 5.) When T.C. refused, Taylor's codefendant tied her hands and feet behind her back while Taylor removed money from her wallet. (Id.) Two nearby police officers heard a disturbance, entered the apartment, and saw Taylor drop the money on the floor. (Id.) Taylor and his co-defendant were each charged with one count of burglary in the first degree, burglary in the second degree, attempted robbery in the first degree, and attempted robbery in the second degree. (Id. ¶ 6.)

Prior to trial, the defense obtained unredacted portions of T.C.'s medical records. (Resp't App. Div. Br. (Docket Entry # 4-11 at 50) at 3); Trial Tr. (Docket Entry ## 4-6 to 4-9) at 416-18,

---
[1] Because this case involves the disclosure of the victim's confidential HIV status, the victim will be identified only by her initials, T.C., herein.

1

568, People v. Taylor, Ind. No. 5645/03 (N.Y. Sup. Ct., Kings Cnty. 2004). These records disclosed that T.C. had HIV. (Resp't App. Div. Br. at 3); see Trial Tr. at 418. The court instructed defense counsel to avoid mentioning T.C.'s HIV status at trial, and counsel agreed. (Resp't App. Div. Br. at 3-4); Trial Tr. at 414-15. During the trial, defense counsel elicited testimony from both defendants regarding T.C.'s HIV status, and the court struck the statements. Trial Tr. at 307, 326, 351, 381. The court heard additional argument about the admissibility of information about T.C.'s HIV status. Id. at 407-31. Taylor's counsel argued that this information was relevant because during the alleged burglary, Taylor disclosed T.C.'s HIV status to his codefendant. Id. at 411-14. This disclosure, Taylor argued, caused T.C. to become "hysterical," and led police officers to enter the room, where T.C. then falsely accused Taylor of robbery. Id. The court decided that, even in light of this argument, any mention of T.C.'s HIV status would be precluded. Id. at 422-26.

Prior to trial, the court also conducted a Sandoval hearing in which it considered the admissibility of evidence of five of Taylor's prior felony convictions, including a 1975 conviction stemming from an incident where Taylor wielded a shotgun at a group of passengers on a subway train. Sandoval Tr. (Docket Entry # 4-2 at 28) at 33. The court ruled that if Taylor chose to testify, the prosecutor would be permitted to ask if he had been convicted of five violent felonies, but would not be permitted to inquire into the underlying facts of any of the convictions. Id. at 45-46. At trial, Taylor took the stand. Trial Tr. at 343. During cross-examination, Taylor stated repeatedly that he "would never hurt a woman." Id. at 372. At the prosecutor's request, the court held a sidebar discussion with counsel. Id. at 373. The prosecutor then resumed questioning and asked Taylor if he had ever threatened a woman in his life; Taylor responded that he had not. Id. After another sidebar, the prosecutor asked Taylor if had ever

2

pointed a gun at a group of people that included women. Id. at 374. Taylor responded that he did not recall. Id. The prosecutor then asked if Taylor had ever pointed a shotgun at a group of passengers that included women on a subway car in 1975. Id. at 375. Taylor denied any involvement in the incident, and the court instructed the prosecutor to move on. Id. at 375-76. After excusing the jury, the court explained that during the sidebar conferences, the court had modified the Sandoval ruling to allow inquiry into the facts of Taylor's 1975 conviction. Id. at 384-85. The court found that Taylor's testimony that he would never hurt a woman "opened the door to character testimony," which the prosecution could rebut with evidence of his past criminal activity. Id. at 384-85, 400-01. Defense counsel argued that the prosecutor did not know for certain if there were women on the subway car during the 1975 incident, and therefore the court should not have allowed the questioning. Id. at 400-01. The court, however, clarified that it initially granted the prosecutor permission to ask only if Taylor had threatened women on a subway car and that if Taylor had responded that he had not, the court would not have allowed any further inquiry. Id.

At the end of the trial, defense counsel moved to dismiss the charges, arguing that the evidence was legally insufficient to support the crimes charged. Id. at 450. The court denied this motion. Id. A jury convicted Taylor of second degree burglary and second degree robbery. Id. at 652-53. The court sentenced Taylor to concurrent terms of imprisonment of twenty-five years to life on each of his convictions. Sentencing Tr. (Docket Entry # 4-10 at 116) at 24, People v. Taylor, Ind. No. 5545/03 (N.Y. Sup. Ct., Kings Cnty. July 27, 2004).

Taylor appealed his conviction to the New York Supreme Court, Appellate Division, Second Department. (Pet. at 3.) Taylor's counsel stated four grounds for the appeal: (1) Taylor's due process rights were violated when the court denied him the right to present a

defense by precluding testimony regarding the victim's HIV status, and when the court modified the Sandoval ruling to allow the prosecutor to inquire about Taylor's 1975 conviction; (2) the prosecutor's statements during summation denied Taylor a fair trial; (3) Taylor's sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000); and (4) Taylor joined any claims raised by his codefendant on appeal that would also afford him relief. (See Pet'r's App. Div. Mem. (Docket Entry # 4-11 at 2) at 2-3.) Taylor also submitted a pro se supplemental brief, appealing his conviction on an additional four grounds: (1) the evidence was legally insufficient to establish his guilt of burglary because the building did not constitute a "dwelling" within the meaning of New York Penal Law § 140.25[2] and § 140.00[3]; (2) Taylor was denied the right to be present at a material stage of his trial, as he was absent during the sidebar conferences where the court modified the Sandoval ruling to allow the prosecutor to inquire about his 1975 conviction; (3) the evidence was legally insufficient for a conviction of attempted robbery, and the attempted robbery verdict was against the weight of the evidence; and (4) the trial court erred in submitting the attempted robbery charge to the jury. (See Pet'r's Pro Se App. Div. Mem. (Docket Entry # 4-12 at 2) at 6-7.)

On May 8, 2007, the Appellate Division affirmed Taylor's conviction. People v. Taylor, 835 N.Y.S.2d 442 (2d Dep't 2007). The court concluded that his claim that he was denied the right to present a defense was unpreserved for appellate review and, alternatively, that reversal was not warranted. Id. at 444-46. The Appellate Division further concluded that the prosecutor's comments in summation did not constitute reversible error and "the defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit." Id. at 446. On September 10, 2007, Taylor's motion for leave to appeal to the New York Court of Appeals was denied. People v. Taylor, 9 N.Y.3d 927 (2007).

4

On July 8, 2008, Taylor, through new counsel, filed a motion to vacate his judgment of conviction pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10. (See Mot. to Vacate (Docket Entry # 4-12 at 2).) Taylor claimed that trial counsel was ineffective for failing to obtain a New York City Department of Buildings document that stated the building where the burglary took place was abandoned. (Id. ¶ 8.) Taylor maintained that this document could have established that T.C.'s apartment did not constitute a "dwelling" within the meaning of New York Penal Law § 140.00[3] and § 140.25[2]. (Id. ¶¶ 7, 8.) The New York Supreme Court, Kings County, denied the motion on October 30, 2008. (See Order on Mot. Vacate (Docket Entry # 4-14 at 90).) And, on March 4, 2009, it denied Taylor's motion to reargue. (See Order on Rearg. (Docket Entry # 11 at 12).) On April 16, 2009, the Appellate Division, Second Department, denied Taylor's application for leave to appeal his C.P.L. § 440.10 motion. (See Order on Appl. (Docket Entry # 1 at 18).)

On May 30, 2009, Taylor filed this pro se petition for a writ of habeas corpus challenging his conviction on four grounds. First, he claims the trial court denied him the right to present a defense by precluding crucial testimony regarding T.C.'s HIV status. (Pet. at 6.) Second, Taylor contends he was denied the right to be present during material stages of his trial because he was absent from the sidebar conferences in which the court modified the Sandoval ruling. (Id. at 7.) Third, he claims there was legally insufficient evidence to support his convictions of second degree burglary and attempted second degree robbery. (Id. at 9.) Finally, Taylor claims trial counsel was ineffective for not obtaining the Department of Buildings document. (Id. at 10.) With respect to his ineffective assistance of counsel claim, Taylor filed requests for additional discovery and an evidentiary hearing. (Pet'r's Reply (Docket Entry # 8) ¶¶ 8, 9; Mot. for Summ. J. (Docket Entry # 17 at 1) at 7.)

5

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A determination of factual issues made by a state court "shall be presumed to be correct," and the applicant "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Id. § 2254(e)(1).

An "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." Sellan v. Kuhlman, 261 F.3d 303, 313 (2d Cir. 2001). A decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A decision is "an unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." Id. at 413. For relief to be warranted, the "state court's application of governing federal law . . . must be shown to be not only erroneous, but objectively unreasonable." Waddington v. Sarausad, 129 S. Ct. 823, 831 (2009) (internal quotation marks omitted).

A pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). "If a pro se litigant pleads facts that would entitle him to relief, that petition should not be dismissed because the litigant did not correctly identify the statute or rule of law that provides the relief he seeks." Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008).

## III. DISCUSSION

### A. Preclusion of Testimony Regarding HIV Status

As Respondent correctly argues (see Resp't's Opp. (Docket Entry # 4 at 35) at 1-4), Taylor's claim that he was denied the right to present a defense when the court precluded testimony regarding the victim's HIV status is procedurally barred because the Appellate Division rejected the same claim based on an adequate and independent state ground. People v. Taylor, 835 N.Y.S.2d at 444-46. In particular, the Appellate Division found that "the defendant failed to preserve this argument for appellate review with a specific and contemporaneous objection on the record to the striking of the testimony." Id. at 445 (citation omitted).

A federal habeas court cannot consider a claim if the state court adjudication of the same claim "'rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" Garcia v. Lewis, 188 F.3d 71, 76 (2d Cir. 1999) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)). A state law ground is adequate if it is "based on a rule that is 'firmly established and regularly followed'" by the state courts. Id. at 77 (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)). This rule applies whether the state law ground is substantive or procedural. See id. at 76. For a procedural default to bar consideration of a federal claim on habeas review, the last state court rendering a judgment in the case must

7

"clearly and expressly" state that its judgment rests on a state procedural bar. Galdamez v. Keane, 394 F.3d 68, 77 (2d Cir. 2005) (quoting Harris v. Reed, 489 U.S. 255, 263 (1989)).

Under New York law, defense counsel must make timely and specific objections to preserve claims of error at trial for appellate review. See C.P.L. § 470.05[2]; People v. Payne, 3 N.Y.3d 266, 274 (2004). Where a state court finds a claim of a right to present a defense unpreserved, the petitioner's procedural default constitutes an adequate and independent state ground. See Harris v. Woods, No. 05 Civ. 5582 (PAC) (AJP), 2006 WL 1140888, at *35 (S.D.N.Y. May 1, 2006), report & rec. adopted, 2006 WL 1975990, (S.D.N.Y. July 10, 2006); see also Garcia, 188 F.3d at 79 ("[W]e have observed and deferred to New York's consistent application of its contemporaneous objection rules.").

The Appellate Division's holding constitutes a "clear and express" statement that its judgment was based on an adequate and independent state procedural ground. Therefore, Taylor's claim is procedurally defaulted and cannot be considered by this court. This is so even though the Appellate Division additionally noted that Taylor's claim failed on the merits. When a state court finds that a claim is "not preserved for appellate review" and then rules "in any event" on the merits, the decision rests on a state procedural ground, thus barring federal habeas review. See Galdamez, 394 F.3d at 77; Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 810 n.4 (2d Cir. 2000).

A petitioner may overcome a procedural default by demonstrating either (1) cause and actual prejudice, or (2) that failure to consider the claim will result in a fundamental miscarriage of justice. See Galdamez, 394 F.3d at 73 (quoting Coleman, 501 U.S. at 750). To establish cause for a procedural default, a petitioner must show "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v.

8

Carrier, 477 U.S. 478, 488 (1986). A petitioner can show a fundamental miscarriage of justice if he shows that the constitutional violation probably caused the conviction of a person who is innocent of the crime. Id. at 495-96. Taylor cannot demonstrate actual innocence because, as discussed below, the evidence presented against him was legally sufficient to support his convictions. See infra Part III.C. In addition, although ineffectiveness of counsel can be sufficient to establish cause for a procedural default in some cases, see Carrier, 477 U.S. at 488-89, Taylor cannot establish that his trial counsel was ineffective. See infra Part III.D. Therefore he cannot demonstrate cause to overcome his procedural default as to testimony regarding the victim's HIV status.

### B. Right to Be Present at a Material Stage of Trial

Taylor claims that he was denied the right to be present during a material stage of his trial when the court conducted several sidebar conferences during cross-examination of Taylor, and modified the pretrial Sandoval ruling to allow the prosecutor to question Taylor about his 1975 felony conviction. (Pet. at 7.) Taylor raised this claim on direct appeal in his pro se supplemental brief and the Appellate Division adjudicated the claim on the merits. People v. Taylor, 835 N.Y.S.2d at 446 (concluding that "the defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit"). Therefore, AEDPA deference applies.

A number of courts in this circuit have specifically held that there is no constitutional right to be present at sidebar conferences held to determine if a defendant's testimony has opened the door to admitting evidence initially precluded.[2] See Wilson v. Bennett, 188 F. Supp.

---

[2] Under New York state law, a defendant has the right to be present at all Sandoval conferences; that right is conferred by state law, however, and does not arise under the United States Constitution. See People v. Favor, 82 N.Y.2d 254, 262 (1993); see also Liggins v. Burge, 689 F. Supp. 2d 640, 650 (S.D.N.Y. 2010); Williams v. McCoy, 7 F. Supp. 2d 214, 220 (E.D.N.Y. 1998).

2d 347, 356 (S.D.N.Y. 2002) (defendant's absence from a sidebar conference dealing exclusively with the scope of cross-examination did not have a reasonably substantial relation to his opportunity to defend against the charges); Williams v. McCoy, 7 F. Supp. 2d 214, 220 (E.D.N.Y. 1998) (no federal constitutional right to be present at "a sidebar conference midway through the prosecutor's cross-examination of petitioner to address the legal question whether petitioner had opened the door on direct examination to questions regarding a prior arrest"). Moreover, a defendant has a constitutional right to be present at the stages of the proceeding "that [are] critical to its outcome if his presence would contribute to the fairness of the procedure." Kentucky v. Stincer, 482 U.S. 730, 745 (1987). Due process is violated "to the extent that a fair and just hearing would be thwarted by [an accused's] absence and to that extent only." Snyder v. Massachusetts, 291 U.S. 97, 108 (1934). To establish that his absence from the sidebars rose to the level of a due process violation, Taylor must demonstrate that his absence affected the fairness of the proceedings.

Taylor maintains that had he been present at the sidebar conferences, the court would not have modified the Sandoval ruling. (See Pet'r's Pro Se App. Div. Br. at 24.) Taylor claims that he could have informed the court at sidebar that no women were present on the train during the 1975 incident, making testimony on this issue unnecessary. (Id.) Even if Taylor is correct about the effect that his statement would have had on the court's ruling, Taylor's absence from the sidebar conference did not frustrate the fairness of his trial. The court's modification of the Sandoval ruling permitted the prosecutor to ask Taylor if he had ever pointed a gun at women; but, the court instructed that if Taylor answered "no," questioning on this issue would end. Trial Tr. at 401. In accordance with the court's instruction, the prosecutor asked Taylor if he had ever pointed a gun at a group of people that included women. Id. at 374. At that point, Taylor had

the opportunity to answer that he had not done so. Instead of seizing that opportunity—as he now claims he should have been permitted to do—Taylor testified that he did not recall whether he pointed a gun at a group of people that included women. Id. Because the prosecutor's question provided Taylor with ample opportunity to assert that no women were present on the subway car, he cannot demonstrate that his inability to make such a statement at sidebar frustrated the fairness of the proceedings. Accordingly, the Appellate Division's decision was neither contrary to, nor an unreasonable application of, clearly established federal law.

### C. Legal Insufficiency of Evidence Claims

Taylor claims that there was legally insufficient evidence to support his convictions of second degree burglary and attempted second degree robbery. (Pet. at 9.) On direct appeal, the Appellate Division found these claims to be without merit. People v. Taylor, 835 N.Y.S.2d at 446. A petitioner challenging the sufficiency of the evidence of his guilt in a habeas corpus proceeding "bears a very heavy burden." Fama, 235 F.3d at 811. The relevant question for this court is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). When considering claims based on the sufficiency of evidence, "a federal court must look to state law to determine the elements of the crime." Green v. Abrams, 984 F.2d 41, 44-45 (2d Cir. 1993) (citing Jackson, 443 U.S. at 324 n.16.) The court must defer to the jury's assessment of the credibility of witnesses. See Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996).

#### 1. Evidence of Burglary in the Second Degree

Taylor first contends that the evidence was legally insufficient to establish his guilt of burglary in the second degree because the building where the incident took place did not

constitute a "dwelling" within the meaning of New York Penal Law § 140.25. (Pet. at 9.) Under New York law, a person commits burglary in the second degree when "he or she knowingly enters or remains unlawfully in a building with the intent to commit a crime therein" and "the building is a dwelling." N.Y.P.L. § 140.25. A dwelling is defined as "a building which is usually occupied by a person lodging therein at night." N.Y.P.L. § 140.00[3]. During the trial, T.C. testified that she lived in the building for over a year and slept in her room every night. Trial Tr. at 29-30. Additionally, pictures of the exterior of the building and of T.C.'s room were admitted into evidence for the jury to consider. Id. at 47-50. Viewing this evidence in a light most favorable to the prosecution, it is reasonable that a rational trier of fact could have found that this building constituted a "dwelling," and concluded the essential elements of burglary had been proven. Accordingly, the Appellate Division's denial of this claim is not contrary to, nor an unreasonable application of, clearly established federal law.

### 2. Evidence of Attempted Robbery

Taylor additionally claims that the evidence was legally insufficient to establish his guilt of attempted robbery in the second degree. (Pet. at 9.) Taylor claims that because the evidence presented at trial suggested that he completed the robbery after he removed the money from T.C.'s wallet, the evidence was legally insufficient to support a conviction for attempt.[3] (See Pet'r's Pro Se App. Div. Mem. at 26-33.) Under New York law, a person commits robbery in

---

[3] Taylor maintains that since the evidence was legally sufficient to support a conviction of first or second degree robbery, there is legally insufficient evidence to support a conviction of attempted robbery. (See Pet'r's Pro Se App. Div. Br. at 29-30.) Under New York law, a person cannot commit a greater offense without concomitantly committing the lesser offense, and attempted second degree robbery is a lesser included offense of robbery. See C.P.L. §1.20(37) ("When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a "lesser included offense." In any case in which it is legally possible to attempt to commit a crime, an attempt to commit such crime constitutes a lesser included offense with respect thereto."). Because Taylor concedes the evidence was legally sufficient for a conviction of a completed robbery, he cannot successfully claim that he did not commit the lesser included offense.

12

the second degree when "he forcibly steals property" and when "he is aided by another person actually present." N.Y.P.L. § 160.10. A person is guilty of an attempt to commit a crime when "with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." N.Y.P.L. § 110.00.

At trial, T.C. testified that Taylor removed seven or eight dollars from her wallet, which was next to her bed. Trial Tr. at 40-41. A police officer testified that he saw Taylor with the money in his hand as the officers entered the room, and this officer later recovered the money from the floor. Id. at 164. In addition, a second police officer testified that he saw Taylor throw the money on the floor after the officers entered the room. Id. at 238. Based on this testimony, it is reasonable that a rational trier of fact could have concluded that Taylor was still in the process of taking T.C.'s property when the police officers entered the room, and therefore found that the robbery was not complete. Accordingly, the Appellate Division's decision is not contrary to, nor an unreasonable application of, clearly established federal law.

### D. Ineffectiveness of Trial Counsel

Taylor claims his trial counsel was ineffective for failing to obtain a New York City Department of Buildings report that allegedly established that the building where the burglary took place was "vacant." (See Pet. at 10; Mot. to Vacate ¶ 10.) Taylor argues that this document would have disproved that T.C.'s apartment constituted a "dwelling." (See Mot. to Vacate ¶¶ 10, 14.) Taylor brought this claim in a motion to vacate his judgment of conviction pursuant to C.P.L. § 440.10, and the New York Supreme Court denied the motion, concluding that Taylor should have raised the claim on direct appeal. (Order on Mot. to Vacate at 1.) Because the state court did not adjudicate this claim on the merits, the court reviews this issue de novo. See Staley v. Greiner, No. 01 Civ. 6165 (JSR)(DF), 2003 WL 470568, at *8 (S.D.N.Y. Feb. 6, 2003).

13

The Sixth Amendment provides that a criminal defendant "shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). To prevail on an ineffective assistance of counsel claim, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and "that the deficient performance prejudiced the [petitioner]." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To show prejudice under Strickland, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.

Taylor's trial counsel's performance did not fall below an objective standard of reasonableness. A reasonable attorney would not have searched for documentation suggesting that T.C.'s building was vacant. Taylor himself consistently referred to the location as T.C.'s "apartment," and described her room in a manner consistent with the definition of a "dwelling." Trial Tr. at 365-369. Taylor also testified that he initially went to T.C.'s building to discuss an employment opportunity with a friend who also lived in the building. Id. at 348, 365. In light of the fact that his own client offered testimony that the building was not vacant, counsel's failure to introduce a document that described the location as "vacant" was not unreasonable.

Furthermore, Taylor cannot demonstrate that actual prejudice resulted from counsel's decision not to introduce this document. Even if defense counsel should have obtained and introduced the Department of Buildings report, there is not a reasonable probability that the jury would have reached a different conclusion had counsel done so. The jury heard testimony from multiple witnesses who stated that the building was occupied: Taylor acknowledged throughout

14

his testimony that the building had occupants; T.C. testified that she slept in her apartment every night and she knew who lived in the neighboring apartments; and two police officers testified that the building had regular occupants. Trial Tr. at 29-30, 86, 179, 268, 365-69. Therefore, there is no reasonable probability that this document would have refuted or undermined the extensive testimony that suggested the building was not vacant. Accordingly, Taylor's ineffective assistance of counsel claim is denied.

### E. Evidentiary Hearing and Discovery

With respect to his ineffective assistance of counsel claim, Taylor requests an evidentiary hearing in accordance with U.S.C. § 2254(e)(2), and an opportunity for discovery pursuant to Rule 6 of the Rules Governing § 2254 cases.[4] (Pet'r's Reply ¶¶ 8-9, 124; Mot. for Summ. J. at 7); see Rules Governing § 2254 Cases, Rule 6(a), 28 U.S.C.A. foll. § 2254. However, as § 2254(e) only applies to claims adjudicated on the merits, Taylor's request for a hearing should be considered under Rule 8(a) of the Rules Governing § 2254 cases. See Rules Governing § 2254 Cases, Rule 8(a), 28 U.S.C.A. foll. § 2254. While Rules 6(a) and 8(a) provide the court with discretion to allow additional discovery and evidentiary hearings, there is no need for the court to exercise that discretion here. For the reasons stated above, it was reasonable for trial counsel not to obtain the Department of Buildings document. See Part II.D supra. There is no need to inquire into the matter through further discovery.

## IV. CONCLUSION

Taylor's petition for a writ of habeas corpus is DENIED. A certificate of appealability will not issue because Taylor has not made a substantial showing of the denial of a constitutional

---

[4] In his Reply, Taylor requests a hearing pursuant to U.S.C. § 2254(d). (See Pet'r's Reply ¶¶ 8, 9). This provision is not relevant to evidentiary hearings. Reading Taylor's submission liberally, the court construes this request as pursuant to U.S.C. § 2254(e)(2).

15

right. See 28 U.S.C. § 2253(c)(2). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
     August 15, 2011

NICHOLAS G. GARAUFIS
United States District Judge